

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00025-CR

---

MISTIE NACOLE BAILEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 11921, Honorable Curt Brancheau, Presiding

---

December 15, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Mistie Nacole Bailey, was charged with escape from custody, a third-degree felony.[1]  Pursuant to a plea bargain, appellant pleaded guilty to the charge on December 14, 2017.  The trial court sentenced appellant to eight years' confinement in the Texas Department of Criminal Justice, but suspended confinement and placed appellant on community supervision for a term of four years.  In October of 2020, the

---

[1] *See* TEX. PENAL CODE ANN. §38.06(a), (c).

State filed its second amended motion to revoke appellant's community supervision, alleging that appellant had committed thirty-five violations of the conditions of supervision. At the hearing on the State's motion, appellant pleaded "not true" to the allegations. The trial court heard evidence, revoked appellant's community supervision, and assessed punishment at eight years' confinement. Appellant then brought this appeal.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified her of his motion to withdraw; provided her with a copy of the motion, *Anders* brief, and access to the appellate record; and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[3] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.